UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| MEGAN GILLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3: 12-40-DCR |
| ) | |
| V. ) | |
| ) | |
| BOARD OF EDUCATION OF TRIMBLE ) | **MEMORANDUM OPINION** |
| COUNTY, KENTUCKY, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of the Joint Motion to Dismiss First Amended Complaint filed by Defendants Marcia Dunaway, in her individual and official capacity; Garry Jackson, in his individual and official capacity, and the Board of Education of Trimble County, Kentucky[1] ("the Board"). [Record No. 17] The defendants have jointly moved to dismiss the various claims against them for failure to state a claim upon which relief may be granted. For the reasons stated below, the defendants' motion will be granted.

**I.**

This case arises from an alleged sexual relationship between Plaintiff Megan Gilley and Jeff Vincent, Gilley's former high school cross country and basketball coach.[2] Gilley alleges

---

[1] The defendants have indicated that this is the correct legal name for the Board. *See* KRS § 160.160(1).

[2] During this same time period, Vincent was also employed by the Board as an elementary school teacher and guidance counselor. [Record No. 16 ¶ 7]

that she was sexually abused by Vincent while she was a student at Trimble County High School from 2001 to 2004. [Record No. 16 ¶¶ 6-8] Gilley was born on September 7, 1987. Thus, she was seventeen years-old at the time of her high school graduation. [*Id.* ¶ 6] The Amended Complaint alleges that the sexual relationship began when Gilley was fourteen, and that the "sexual abuse continued throughout the rest of [her] high school experience, and occurred on hundreds of occasions." [*Id.* ¶ 8] Gilley claims that she would travel to Vincent's residence to partake in various sexual acts. [*Id.* ¶ 9] In addition to the sexual abuse, she asserts that Vincent gave her alcohol and marijuana. [*Id.* ¶ 10]

The Amended Complaint alleges that Dunaway, then an assistant superintendent of the Board, had "actual knowledge" and a "reasonable suspicion" of the sexual relationship between Gilley and Vincent. While Gilley was still a student, Dunaway was informed by another student, Lora Cull, that she had witnessed Vincent and Gilley kissing.[3] [*Id.* ¶¶ 11-12; Record No. 16-2] In response to this report, Dunaway allegedly "retaliated against the student" and "called her a liar." [Record No. 16 ¶ 12] Gilley also alleges that Jackson, then superintendent of the Board, had "actual knowledge and reasonable cause" to believe that Vincent and Gilley were sexually involved. However, rather than report this behavior, Jackson "instructed Vincent to obtain a letter from [Gilley's] mother that no such relationship was occurring." [*Id.* ¶¶ 14-15] Unaware of any sexual relationship between her daughter and Vincent, Gilley's mother provided such a letter. [*Id.* ¶ 15]

---

[3]The Amended Complaint does not indicate the date on which Cull provided Dunaway with this information. However, the plaintiff claims that Gilley was under eighteen years old at the time and was still a student. [*See* Record Nos. 16, 16-2.]

Additionally, neither Dunaway nor Jackson reported any sexual relationship to the appropriate governmental authorities but, instead, conducted a "district investigation." [*Id.* ¶¶ 11-15]  During this investigation, Dunaway, Jackson, and former Principal Larry Phillips questioned Vincent about the alleged sexual relationship with Gilley. [*Id.* ¶ 11; Record No. 16-2]  And when questioned, both Vincent and Gilley denied the existence of any sexual relationship. [Record No. 16-2]  The Amended Complaint alleges that both Jackson and Dunaway "actively concealed their knowledge of the sexual abuse towards [Gilley]." [Record No. 16 ¶ 16]

Gilley filed suit on May 9, 2012, in Trimble Circuit Court.  The defendants removed the action on June 13, 2012.  [Record No. 1]  On November 11, 2012, Gilley filed an Amended Complaint asserting causes of action under Kentucky and Federal law.  [Record No. 16]  The Amended Complaint included allegations of: (1) violations of the Kentucky Constitution and United States Constitution; (2) violations of the Title IX and the corresponding provisions of the Kentucky Civil Rights Act; (3)  civil liability for commission of a criminal act; and (4) negligence and gross negligence.  All four counts are asserted against the Board, but only Count III names Jackson and Dunaway as defendants.

Through their pending motion, the defendants argue that: (1) they have governmental immunity from Gilley's state law claims; (2) the statue of limitations has expired on all of Gilley's claims; (3) the Board cannot be sued under 42 U.S.C. § 1983; and (4) naming Jackson and Dunaway as defendants in their official capacity is duplicative.  [Record No. 17]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).[4]

## III.

The defendants argue that each of Gilley's claims are barred by the applicable statute of limitations. [Record No. 17-1, pp. 7-13] Gilley, however, asserts that the statute of limitations was tolled. She contends that the defendants had actual knowledge and reasonable cause to believe that she was being abused. In support, Gilley relies on the Cull affidavit which states

---

[4]As an initial matter, the Court will address the plaintiff's repeated assertions of doubt regarding whether federal pleadings standards apply to her Amended Complaint. Once this action was removed from state court, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. Pro. 81(c); *Ciotti v. Aetna Casualty & Surety Co.*, 511 F. Supp. 647, 648 (E.D. Pa. 1981). By seeking and receiving leave from this Court to amend her original Complaint, Gilley became subject to the more stringent federal pleading standards. Gilley is correct that she "is not required to write a legal treatise on every possible aspect of her action, and plead a response to every possible defense that the Defendants may raise in response to her Complaint in the Complaint itself;" however, she is required to meet the plausibility standard as set out above. [Record No. 18, p. 17]

that Cull reported the alleged abuse to Dunaway. Gilley also points to the written response to these allegations filed by Vincent which indicates that he was questioned about the alleged relationship by Jackson six to seven years ago. [Record No. 16-2, p. 1] Gilley argues that Dunaway and Jackson had a legal obligation to report the suspected sexual abuse, and that the statute of limitations applicable to her claims tolled due to the defendants' "active concealment, failure to report, and failure to warn other students and parents of Vincent's propensity towards sexual abuse of minors." [Record No. 16 ¶ 17] And Gilley further asserts that this "period of concealment" is ongoing. [*Id.*] In response, the defendants argue that Gilley has failed to offer any factual allegations from which this Court could conclude that the defendants had actual knowledge or reasonable cause to believe that Gilley was being sexually abused by Vincent. Therefore, they assert that the statute of limitations should not be tolled. [Record No. 17-1, pp. 7-13]

It is well-settled that Kentucky's one-year statute of limitations contained in KRS § 413.140 applies to Gilley's claims. *See Brown v. Wigginton*, 981 F.2d 913, 914 (6th Cir. 1992); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182-83 (6th Cir. 1990); *Fayette Cnty. Bd. of Educ. v. Manner*, No. 2007-CA-2243-MR, 2009 Ky. App. Unpub. LEXIS 234, at *30 (Ky. Ct. App. May 22, 2009). In her response, Gilley concedes that the one-year statute of limitations applies to her federal law claims; however, she takes no position on the appropriate statute of limitations concerning her state law claims. [Record No. 18, p. 9] Whether the appropriate limitations period is one year or five years is of no consequence because Gilley's claims are time-barred under either period. *See Clifton v. Midway Coll.*, 702 S.W.2d 835, 837 (Ky. 1985) (holding that

the five-year statute of limitations period under KRS § 413.120 applies to claims brought under KRS § 344, *et seq.*); *Roman Catholic Diocese v. Secter*, 966 S.W.2d 286, 288 (Ky. Ct. App. 1998) (holding that the one-year statute of limitations period set out in KRS § 413.140 applies to claims of personal injury resulting from sexual abuse).

Further, under Kentucky law, a cause of action does not accrue until the plaintiff reaches the age of majority. KRS § 413.170(1). Thus, Gilley's claims were tolled due to infancy until her eighteenth birthday — September 7, 2005. *See* KRS § 2.015 (establishing age eighteen as age of majority in Kentucky). However, she did not file her Complaint in Trimble County Court until May 9, 2012.[5] Therefore, her claims will be barred unless another tolling provision applies.

While Kentucky's infancy tolling statute cannot save her claims, Gilley contends that the limitations period is properly tolled under KRS § 413.190, which provides, in part:

> (2) When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced. But this saving shall not prevent the limitation from operating in favor of any other person not so acting, whether he is a necessary party to the action or not.

KRS § 413.190(2).

Gilley contends that both Dunaway and Jackson had "actual knowledge and reasonable cause to believe that Vincent was sexually abusing [her], but failed to make the required report

---

[5]In applying the one-year limitations period of KRS § 413.140 to Gilley's claims, the deadline for filing a civil action would have expired September 7, 2006. Additionally, if the five-year limitations period set out in KRS § 413.120 were applied to Gilley's claims, considering the requisite tolling of the limitations period due to infancy, this deadline would be extended to September 7, 2010. Gilley filed this action on May 9, 2012.

of same pursuant to KRS 620.030." [Record No. 16 ¶¶ 14, 15] This statute mandates that "[a]ny person who knows or has reasonable cause to believe that a child is dependent, neglected, or abused shall immediately cause an oral or written report to be made to a local law enforcement agency or the Department of Kentucky State Police . . . ." KRS § 620.030(1). This mandatory reporting requirement does not apply unless a parent, guardian, or other person exercising custodial control or supervision for the child either directly engages in the abuse, allows such abuse to be committed, or creates or allows such a risk of abuse. *See Turner v. Nelson*, 342 S.W.3d 866, 871-72 (Ky. 2011); *see also* KRS § 600.020(1). Gilley contends that Dunaway and Jackson's alleged failure to comply with the statutory requirement of KRS § 620.030 constitutes concealment and/or obstruction and, therefore, implicates the tolling provision found in KRS § 413.190(2).

In essence, KRS § 413.190(2) is a codification of the equitable principles of estoppel and recognizes that the statutes of limitations toll when a defendant "obstructs the prosecution" of a cause of action "by absconding or concealing himself or by any other indirect means." *See Anderson v. Bd. of Educ.*, 616 F. Supp. 2d 662, 670 (E.D. Ky. 2009); KRS § 413.190(2). Kentucky Courts have recognized that "while concealment ordinarily requires an affirmative act, where the law imposes a duty of disclosure, a failure of disclosure may constitute concealment under KRS 413.190(2), or at least amount to misleading or obstructive conduct." *Munday v. Mayfair Diagnostic Lab.,* 831 S.W.2d 912, 915 (Ky. 1992). Additionally, the Court may not assume fraudulent concealment in the absence of evidence to support it. *Second Nat'l Bank & Trust Co. v. First Sec. Nat'l Bank & Trust Co.*, 398 S.W.2d 50, 52 (Ky. Ct. App. 1965).

To establish fraudulent concealment, the plaintiff must demonstrate that the defendant's actions prevented the plaintiff from "inquiring into the action, or eluded Plaintiff's investigation, or otherwise misled the Plaintiff." *Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 439 (W.D. Ky. 1994) (citations omitted); *see also Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 297 (Ky. Ct. App. 1993) ("Obstruction might also occur where a defendant conceals a plaintiff's cause of action so that it could not be discovered by the exercise of ordinary diligence on the plaintiff's part."). However, "an injured party has an affirmative duty to use diligence in discovering his cause of action within the limitations period" and "any fact that should excite his suspicion is the same as actual knowledge of his entire claim." *Hazel*, 863 F. Supp. at 440 (quotation marks and citation omitted).

Gilley relies on *Roman Catholic Diocese v. Secter*, 966 S.W.2d 286, 290 (Ky. Ct. App. 1998), and *Fayette County Board of Education v. Maner*, No. 2007-CA-2243, 2009 Ky. App. Unpub. LEXIS 234 (Ky. Ct. App. May 22, 2009), for the proposition that where there is a duty to report, failure to do so constitutes "concealment" and therefore triggers the tolling provision under KRS § 413.190(2). In *Sector*, the Court of Appeals of Kentucky found that the Diocese had obstructed the prosecution of the plaintiff's cause of action and concluded that statute of limitations should be tolled. 966 S.W.2d at 287. Specifically, the court opined that the Diocese failed to report numerous incidents of sexual abuse by a high school counselor to the authorities; concealed secret files with information about the known abuse; failed to discipline or sanction the counselor; and failed to inform students, faculty, and staff of any these facts. *Id.* at 287-88. After initial reports and incidents of the counselor's sexual abuse towards other students, the

-8-

Diocese sent the counselor to New Mexico for four years, after which he returned to Kentucky and was placed back into a position requiring extensive contact with children. *Id.* at 287. Correspondence between Bishops of the Diocese were also discovered which expressed concerns that the counselor's "pedophilia had not been cured and that he would continue to be 'a problem.'" *Id.* at 287-88.

The *Secter* court found that the Diocese had "actual knowledge" of the counselor sexually abusing students prior to the time Secter was abused. Further, even though the Diocese believed that the abuse would continue to be a problem and received reports that the offender continued to abuse students, it took no action but kept the information a secret. *Id.* In light of this evidence, the court concluded that the "Diocese clearly obstructed the prosecution of Secter's cause of action against it by continually concealing the fact that it had knowledge of [the counselor's] problem well before the time that Secter was abused as well as the fact that it continued to receive reports of sexual abuse of other students during part of the time period in which Secter was abused." *Id.* at 290. The *Sector* court held that the church had a duty to report these known abuses to law enforcement authorities, and that the Diocese's failure to do so constituted evidence of concealment under KRS § 413.190(2).

In *Maner*, the plaintiff was found to have been sexually abused by several teachers and a guidance counselor. 2009 Ky. App. Unpub. LEXIS 234, at *2-22. Relying on the holding in *Secter*, the *Maner* court found that the mother's report to the superintendent regarding her suspicion that her child was engaging in sexual acts with teachers, and the superintendent's failure to convey those reports to state authorities, constituted concealment that justified tolling

-9-

the statute of limitations. *Id.* at *34. While it was unclear whether the superintendent in *Maner* actually investigated the mother's report, the court found that he specifically told the mother not to tell anyone else of her allegations and that he would take care of the situation. *Id.* at *12-14. Further, it later became apparent that during the superintendent's tenure that he had received a number of sexual abuse allegations, but did not report any. *Id.* at *16-18. In addition to the plaintiff's allegations, a number of other students alleged sexual abuse by the same teachers. Notably, the principal in *Maner* spoke to the subject teachers but stated that he was never told that the complaint included allegations of sexual abuse. *Id.* at *19. Based on the facts presented, the court concluded that the superintendent's failure to report the allegations of sexual abuse constituted concealment and justified tolling. *Id.* at *34.

More recently, in *Turner v. Nelson*, 342 S.W.3d 866 (Ky. 2011), the Supreme Court of Kentucky more fully examined the reporting requirements of KRS § 620.030. The *Turner* court considered whether mandatory reporting was implicated where a kindergarten student reported to her teacher allegations of sexual abuse by another kindergarten student. The teacher did not report the allegations to state authorities. In analyzing whether the teacher's actions were discretionary, the court held that the statute "clearly does not require the reporting of every allegation of sexual abuse or the reporting of a mere suspicion." *Id.* at 877. Instead, the mandatory reporting requirements apply when an individual "knows" or has "reasonable cause to believe" that a child has been abused, and that the "legislature could have required reporting on a mere allegation or statement, but the standard is clearly higher." *Id.*

The court then noted that there were no allegations that the teacher witnessed the student abusing the other, or that she had any personal knowledge that the student was abused. Instead, the only allegation came from the student. The *Turner* court held that "where there is no actual knowledge of the event, there must be an objective determination that a reasonable belief existed." *Id.* (citing *Rowan Cnty. v. Sloas*, 201 S.W.3d 469, 482 (Ky. 2006) ("We make this . . . inquiry in light of the information that the defendant official possessed at the time of the incident in question . . . and cognizant of the fact that public officials generally are not hermetic, ivory-tower scribes versed in the varies of . . . law."); *see also Jefferson Cnty. Fiscal Court v. Peerce*, 132 S.W.3d 824, 834 (Ky. 2004)).

Here, Gilley relies on the affidavit of Lora Cull as evidence that the defendants had "actual knowledge" of the alleged sexual abuse by Vincent. In this affidavit, Cull states that she was approached by Dunaway and asked if Gilley was having sex with Vincent, and that she informed Dunaway that they were sexually involved.[6] [Record No. 16-2, pp. 1-2] Cull avers that she disclosed this information to Dunaway when Gilley was "under the age of 16." [*Id.* at 2] Gilley also relies on the written statement of Vincent. In this statement, Vincent states that a "district investigation" was completed concerning his relationship with Gilley and that no proof of misconduct was uncovered. [Record No. 16-1, p. 1] Additionally, Vincent notes that both he and Gilley denied the existence of any improper relationship, and that he still does. [*Id.*]

---

[6]Gilley makes no allegations that Cull communicated her report of alleged sexual abuse to Jackson, but only states that this report was made to Dunaway. Gilley relies on Vincent's written response in which he states that he was questioned by Dunaway, Jackson, and Phillips to impute knowledge to Jackson that Gilley was being abused. The fact that Gilley does not contend that Jackson ever received the report from Cull makes her contention even more tenuous that Jackson had actual knowledge or reasonable cause to believe that she was being abused by Vincent.

Gilley contends that this is sufficient to demonstrate that the defendants had actual knowledge of her sexual abuse, and that they failed to report this information. She argues that the district's investigation is evidence that the defendants had a "reasonable suspicion" of the misconduct and that this is enough to trigger the required reporting. She argues that "[u]nder the laws of the Commonwealth of Kentucky, [the] failure to report alone is sufficient to toll the statute of limitations." [Record No. 18, p. 11].

In the wake of *Sector* and *Maner*, Kentucky courts have further examined the appropriateness of applying equitable estoppel to toll statute of limitations. In *Guy v. Lexington-Fayette Urban County Government*, 488 F. App'x 9 (6th Cir. 2012), the Sixth Circuit found that "[s]ubsequent Kentucky cases have continued to recognize *Sector*, but are arguably less liberal in applying fraudulent concealment" in finding that the tolling of statute of limitations in sexual abuse cases is warranted. *Id.* at 19-20. Additionally, in *Anderson v. Board of Education of Fayette County*, 616 F. Supp. 2d 662 (E.D. Ky. 2009), the district court found that evidence of a defendant's failure to report acts of sexual abuse under KRS § 620.030 is not dispositive of a finding of active concealment. *Id.* at 671. Instead, the court determined that a defendant's violation of the legal duty to report under KRS § 620.030 is only a factor in the analysis of KRS § 413.190(2). *Id.*; *see also Greywolf v. Roman Catholic Diocese of Covington*, No. 2010-CA-814-MR, 2011 Ky. App. Unpub. LEXIS 575, at *3 (Ky. Ct. App. Aug. 5, 2011) (holding that, to toll the statute of limitations, the defendant's concealment "must hide the plaintiff's cause of action in such a manner that it cannot be discovered by the exercise of ordinary diligence").

In the present case, in construing all facts alleged by the defendant as true, a situation arose where school officials were informed by another student of an improper relationship between a student and one of the district's employees/coaches. Dunaway, in her role as assistant superintendent, questioned the student-witness about the allegations. Following this questioning, other school officials became involved, including principal Phillips and superintendent Jackson. These individuals initiated a "district investigation" during which both Gilley and Vincent were questioned about the relationship. And both denied these allegations. Additionally, Gilley's mother provided the Board with a letter stating that no improper relationship existed. Moreover, the plaintiff does not claim that any of the alleged sexual encounters occurred on school property, during school hours, or at school functions. Thus, it is even more unlikely that the defendants would become aware of any improper relationship, let alone conceal it.

The Amended Complaint does not allege that Dunaway or Jackson witnessed any type of abuse or that they had any other source of personal knowledge outside the allegation of a fellow student, which, after investigation, was found not credible. Perhaps the defendants suspected improper behavior after Cull's report; however, this suspicion does not reach the level of "actual knowledge" nor does it objectively establish "reasonable cause to believe" that Gilley was being sexually abused. Given the defendant's willingness to investigate this matter, there is simply no evidence of active concealment of the sort found in *Secter* or *Maner*. The fact that the defendants actively investigated this matter — specifically questioning parties, including Gilley, concerning allegations of sexual abuse — belies any argument that they attempted to

-13-

conceal the alleged improper relationship. Instead, as alleged in the Amended Complaint, the defendants brought this allegation to the attention of the plaintiff's mother.

As noted previously, Kentucky courts have held that a violation of the reporting statute of KRS § 620.030 does not *per se* trigger the tolling provisions of KRS § 413.190. Although it *may* trigger this tolling provision, it only constitutes *evidence* of concealment. *See Secter*, 966 S.W.2d at 290; *see also Anderson*, 616 F. Supp. 2d at 671. "Given the very nature of the injuries alleged by [Gilley], [she was] sufficiently aware of facts that should have aroused [her suspicion] of the claims against Defendants at the time [her] injuries." *Anderson*, 616 F. Supp. 2d at 671. In support of her tolling argument, the plaintiff relies on allegations that the defendants had an obligation to report and failed to do so, even though she simultaneously avers that a district investigation of the matter was commenced. The Amended Complaint contains no other allegations that any defendant had any knowledge of the existence of any sexual abuse involving Vincent with other students, or any other students and faculty members. And while Gilley contends that the defendants actively concealed the ongoing sexual abuse, she does not allege any additional facts to support this assertion. In short, she alleges no facts to support a finding of concealment besides the alleged failure of the defendants to comport with the mandatory reporting requirements of KRS § 620.030. However, the Court must disregard bare assertions devoid of further factual enhancement and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Moreover, there is no indication that Gilley exercised any diligence to uncover the source of her injuries prior to the expiration of the statute of limitations. Thus, she is not entitled to a

finding that the limitations period was tolled. *See Hazel*, 863 F. Supp. at 440; *see also Anderson*, 616 F. Supp. 2d at 671. Gilley filed her initial Complaint on May 9, 2012 — nearly seven years after she graduated. Unlike the plaintiffs in *Secter* and *Maner*, she has not alleged any additional facts — or even the possible existence of any facts — that would support a finding of concealment on behalf of the defendants. Rather, any facts supporting her tolling argument (and her causes of action) were known by her during the time of their occurrence. The Kentucky Supreme Court has cautioned that "provisions of statutes of limitations should not be lightly evaded," and the Court will decline to do so here. *500 Assocs. v. Vt. Am. Corp.*, 496 F. App'x 589, 596 (6th Cir. 2012).

**IV.**

Although the claims are well outside the applicable statute of limitations period, the Board also argues that, as a state agency, it is "entitled to governmental immunity from claims sounding under common law, statutory law, and the Kentucky Constitution." [Record No. 17-1, p. 4] The Board is an arm of the state government. *Yanero v. Davis*, 65 S.W.3d 510, 525-26 (Ky. 2001) (it is "beyond the realm of argument" that a local school board in Kentucky is a state agency). "A state agency is entitled to immunity from tort liability to the extent that it is performing a governmental, as opposed to a proprietary, function." *Id*. at 519. Gilley acknowledges that the Board is entitled to immunity from her state law claims, except for those brought under KRS § 344.555. [Record No. 18, p. 8 ("Besides the above [discussion of KRS § 344.555], the Defendants' analysis of the remaining state law claims is valid.")] Therefore,

as conceded by Gilley, her state law claims against the Board under the Kentucky Constitution and common law also will be dismissed for this reason.

Additionally, the defendants seek dismissal of Gilley's official capacity claims alleged against Dunaway and Jackson. Official-capacity suits, "generally represent only another way of pleading an action against an entity," and "as long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quotation marks and citations omitted). Because Gilley has asserted the same claims against the Board, these official capacity suits are duplicative and, therefore, will be dismissed. *See, e.g., Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996) (dismissing § 1983 claim against superintendent, principal, and school board member in their official capacities as redundant to the claim against the school board) (abrogated on other grounds); *Baar v. Jefferson Cnty. Bd. of Educ.*, 686, F. Supp. 2d 699, 704 (W.D. Ky. 2010); *C.A. v. Morgan Cnty. Bd. of Educ.*, 577 F. Supp. 2d 886, 890 (E.D. Ky. 2008); *Banks v. Breathitt Cnty. Bd. of Educ.*, No. 12-371-KSF, 2013 U.S. Dist. LEXIS 27303, at *8-9, 15 (E.D. Ky. Feb. 28, 2013) (dismissing both federal and state law claims against the defendants in their official capacities as redundant).

V.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1.  The Clerk of the Court shall substitute "Board of Education of Trimble County, Kentucky," for "Trimble County Board of Education."

      2.      The Defendants' Joint Motion to Dismiss First Amended Complaint [Record No. 17] is **GRANTED**.

      3.      This action is **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket. A separate Judgement will be entered this date.

This 19th day of June, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge